JUNE, 1822.

Mahala Martin
v.
Shadrach J.
Price.

</div>

---

Peters and Stebbins *against* Ebenezer J. Bower.

<div style="text-align: right">*June,* 1822.</div>

THE Plaintiff sued out an original attachment against the defendant, charging that he resides out of the State, so that, &c. The affidavit recites " that *Russel Stebbins*, one of the " firm of *Peters* and *Stebbins*, which firm is composed of " *James W. Peters* and the said *Russel Stebbins*, who are " both residents of the State of *Alabama*, being duly sworn, " deposeth and saith, that *Ebenezer J. Bower* is justly indebt-" ed to the said firm," &c. (stating the amount), " and that " he resides out of the State," &c.—and that the attachment is not sued out for the purpose of vexing or harassing defendant, &c.

<div style="text-align: right">

To sustain original attachment against a non-resident, it is not necessary that it should be stated on oath, that plaintiff resides in the State.

</div>

The Circuit Court, on motion, quashed the attachment on the ground that the residence of the Plaintiffs in the State was not sworn to. The Plaintiff here assigned this matter as Error.

The Chief Justice delivered the opinion of the Court.

The Statute provides, that " when any person who shall " be an inhabitant of another government, so that he cannot " be personally served with process, shall be, indebted to " any person a resident of this territory, and hath any estate " within the same, any of the said Judges or Justices may " grant an attachment against the estate of such foreign " person, under the rules, restrictions, and regulations be-" fore mentioned," &c. This being a summary mode of proceeding in derogation of the common Law, a strict construction must govern. (*Woodley* against *Sherley*, p. 14.) None but a resident of this government is entitled to an attachment against one who is a non-resident. But how is the residence of the plaintiff to appear ? The Counsel for the defendant insists that it should be shewn by the plaintiff's affidavit. The 7th section of the Act as recited, refers to the rules, restrictions, &c. before mentioned. The second section of the same Act prescribes what shall be sworn to. (Act of 1807. Turner's Digest. 148, 146.

Peters and Steb-
bins
.v.
Ebenezer J.
Bower.

Laws Ala. 16, 15, sect. 7, 2.) It is not required by this or any other Statute that affidavit should be made of the residence of the plaintiff. It is true, the Record should shew that he resides in this State. It is necessary that the officer issuing the attachment should be satisfied of this pre-requisite ; but we do not think it necessary that he should shew by what proof it has been made to appear. Here the Justice who issued the attachment recites that both the plaintiffs are residents of the State, and in effect declares that he is judicially satisfied of this fact.

Let the judgment be reversed and the cause remanded.

*Crawford* and *Hitchcock,* for plaintiffs.

*Perry,* for defendant in Error.